IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| VOICE DOMAIN TECHNOLOGIES, LLC, | § |
| *Plaintiff*, | § Case No.: 13-cv-40138-TSH |
| v. | § |
| | § JURY TRIAL DEMANDED |
| APPLE INC., | § |
| *Defendant*. | § |

## L.R. 16.1 JOINT STATEMENT

For this May 13, 2014, scheduling conference, counsel for the parties have conferred under Rule 16.1(b) of the Local Rules of this Court and now submit this Joint Statement pursuant to Local Rule 16.1(d).

### I.   NATURE OF THE CASE

Voice Domain Technologies, LLC ("Voice Domain") is the owner of United States patent number 6,281,883 ("the '883 Patent"), entitled "Data Entry Device," which issued on August 28, 2001.  In this action, filed on November 25, 2013, Voice Domain alleges that Apple Inc. ("Apple") infringes the '883 patent by making, using, selling, and offering for sale its iPhone, iPad and iPod devices that incorporate Apple's Siri voice data/control technology. Voice Domain seeks damages and other appropriate relief.

On March 7, 2014, Apple answered Voice Domain's complaint and filed affirmative defenses for invalidity under 35 U.S.C. §§ 101, 102, 103, and/or 112, non-infringement, laches, limitation of damages under 35 U.S.C. §§ 286 and 287, prosecution history estoppel and

unenforceability. Apple also alleged counterclaims for a declaration of non-infringement ("First Counterclaim"), invalidity under 35 U.S.C. § 101 et seq. ("Second Counterclaim") and unenforceability ("Third Counterclaim").

## II. PROPOSED CASE MANAGEMENT SCHEDULE

The Parties have conferred on a pre-trial plan and, in the interests of narrowing the issues, conserving the parties' expenses and resources, and conserving judicial resources, have reached agreement on the following proposed case management schedule.

### A. Preliminary Disclosures

1. **Rule 26(a) Disclosures:** The parties will make their Initial Disclosures no later than 14 days after the Scheduling Conference [May 27, 2014].

2. **Preliminary Infringement Disclosure:** No later than 21 days after the conference [June 3, 2014], Voice Domain shall serve and file preliminary disclosure of the claims infringed. The patentee shall specify which claims are allegedly infringed and identify the accused product(s) or method(s) that allegedly infringe those claims. Each claim shall be addressed on a limitation-by-limitation basis.

3. The patentee shall also specify (on a limitation-by-limitation basis) whether the alleged infringement is literal or falls under the doctrine of equivalents. If the patentee has not already done so, the patentee shall produce all documents supporting its contentions and/or identify any such supporting documents produced by the accused infringer. Such disclosures may be amended and supplemented up to 30 days before the date of the Markman Hearing. After that time, such disclosures may be amended or supplemented only pursuant to ¶ E(1) or by leave of court, for good cause shown. But given the parties' agreed-on stay for most fact and expert discovery in view of an early *Markman* ruling, nothing herein shall preclude Voice Domain from developing and using evidence from that discovery to supplement and prove infringement. Each claim shall be addressed on a limitation-by-limitation basis.

4. **Preliminary Invalidity and Non-Infringement Disclosures:** No later than 90 days after the conference [August 11, 2014], Apple shall serve and file its Preliminary Invalidity and Non-

        Infringement Contentions. Each claim shall be addressed on a limitation-by-limitation basis.

    5.    If applicable, Apple's Preliminary Invalidity and Non-Infringement Disclosures shall also specify (on a limitation-by-limitation basis) any other alleged grounds for invalidity, such as enablement or written description. If Apple has not already done so, it shall produce all documents relevant to the invalidity defenses and/or identify any such supporting documents produced by Voice Domain. Further, if a protective order has been entered and Apple has not already done so, it shall produce documents sufficient to show operation of the accused product(s) or method(s) that Voice Domain identified in its preliminary infringement disclosures. Such disclosures may be amended or supplemented up to 30 days before the date of the Markman Hearing. After that time, such disclosures may be amended or supplemented only pursuant to ¶ E(1) or by leave of court, for good cause shown. But given the parties' agreed-on stay for most fact and expert discovery in view of an early *Markman* ruling, nothing herein shall preclude Apple from developing and using evidence from that discovery to supplement and prove invalidity.

**B.**    **Amendment of Pleadings:** Amendments to the pleadings under Fed. R. Civ. P. 15 and motions for joinder of any additional parties under Fed. R. Civ. P. 19 and 20 must be served and filed no later than August 15, 2014.

**C.**    **Claim Construction Proceedings**

    1.    No later than 35 days after completion of preliminary disclosures [September 15, 2014], the parties shall simultaneously exchange a proposed list of claim terms to be construed by the Court and their proposed constructions, as well as whether each party intends to rely on an expert declaration and, if so, the name and curriculum vitae or resume of any expert.

    2.    No later than 7 days after exchanging a proposed list of claim terms to be construed by the Court and their proposed constructions [September 22, 2014], the parties shall simultaneously exchange responsive claim constructions identifying whether the responding party agrees with the other party's proposed construction, or identifying an alternate construction.

    3.    No later than 28 days after exchanging claim constructions [October 13, 2014], the parties shall simultaneously exchange and file opening claim construction ("Markman") briefs. Each brief shall contain a list of terms construed, the party's proposed

        construction of each term, and evidence and argument supporting each construction. Opening claim construction briefs shall be limited to twenty-five (25) pages double-spaced, of at least 12-point Times New Roman font or equivalent including footnotes, and shall address no more than ten (10) terms.

4. If an expert declaration is submitted in support of an opening claim construction brief, and the opposing party wishes to depose that expert on the expert's claim construction declaration, the deposition of said expert shall be completed no later than 14 days [October 27, 2014] after the exchange of opening claim construction briefs.

5. No later than 21 days after the completion of expert depositions, if relevant, [November 17, 2014], the parties shall simultaneously exchange and file responsive claim construction briefs. These responsive briefs shall be limited to fifteen (15) pages, double-spaced, of at least 12-point Times New Roman font or equivalent, including footnotes. If no experts are used in connection with claim construction briefing, the parties shall simultaneously exchange and file responsive claim construction briefs 28 days after opening Markman briefs [November 10, 2014].

6. No later than 7 days after serving responsive Markman briefs, the parties shall prepare and file a joint claim construction and prehearing statement (hereafter the "joint statement") that identifies both agreed and disputed terms.

    a. The joint statement shall note the anticipated length of time necessary for the claim construction argument.

    b. The joint statement shall also indicate whether the parties will present tutorials on the relevant technology, the form of such tutorials, and the timing for such tutorials in relation to the claim construction hearing. If the parties plan to provide tutorials in the form of declarations, computer animations, slide presentations, or other media, the parties shall exchange such materials five (5) days before the claim construction hearing. In the alternative, the parties may present tutorials through presentations by the attorneys at the claim construction hearing.

    c. The joint statement shall include a proposed order in which the parties will present their arguments at the claim construction hearing, which may be term-by-term or party-by-party, depending on the issues in the case.

    d.  The joint statement shall limit the number of claim terms to be construed to no more than ten (10) such terms.

    e.  The joint statement shall include a joint claim construction chart, noting each party's proposed construction of each term, and supporting evidence.

**D.** **The Claim Construction Hearing ("*Markman* Hearing"):** The Court shall schedule a hearing date promptly after the filing of the joint claim construction statement.

**E.** **After the Hearing**

  1. If necessary, the parties may amend their preliminary infringement/non-infringement and invalidity disclosures, noting whether any infringement or invalidity contentions are withdrawn, within thirty (30) days after the court's ruling on claim construction.

**F.** **Post Claim Construction Order:** After the Court has entered a claim construction order, the Court shall hold a further scheduling conference. At the post claim construction scheduling conference the Court shall also set deadlines for any mediation, fact discovery, expert discovery, dispositive motion practice, the final pretrial filings and hearing, and trial. The parties shall submit a joint statement, one week before the Court holds a further scheduling conference, containing their proposed pretrial schedule and discovery and ESI limitations.

**G.** **Fact Discovery:** Except as noted above, fact discovery is stayed until the Court enters a claim construction order and holds a further scheduling conference.

**H.** **Expert Discovery:** Except as noted above, expert discovery is stayed until the Court enters a claim construction order and holds a further scheduling conference.

**I.** **Motions for Summary Judgment:** Briefing of summary-judgment motions are stayed until the Court enters a claim construction order and holds a further scheduling conference.

**J.** **Trial**: Scheduling of jury selection and a trial date are stayed until the Court enters a claim construction order and holds a further scheduling conference.

| | |
|---|---|
| Date: May 5, 2014 | Respectfully submitted, |

/s/ *John T. Battaglia*  
Bruce J. Barker (BBO No. 55102)  
CHAO HADIDI STARK & BARKER LLP  
176 East Main Street  
Suite 6  
Westborough, MA 01581  
(508) 366-3800  
bbarker@chsblaw.com  

Alan M. Fisch  
*alan.fisch@fischllp.com*  
Jason F. Hoffman  
*jason.hoffman@fischllp.com*  
R. William Sigler  
*bill.sigler@fischllp.com*  
John T. Battaglia  
*john.battaglia@fischllp.com*  
Thomas C. Chen  
*thomas.chen@fischllp.com*  
FISCH HOFFMAN SIGLER LLP  
5335 Wisconsin Avenue NW,  
Eighth Floor  
Washington, DC 20015  
(202) 362-3500  

Peter J. Scoolidge  
*peter.scoolidge@fischllp.com*  
Silvia Jordan  
*silvia.jordan@fischllp.com*  
FISCH HOFFMAN SIGLER LLP  
432 Park Avenue South,  
Fourth Floor  
New York, NY 10016  
(212) 235-0440  

*Attorneys for*  
*Voice Domain Technologies, LLC*

/s/ *Nicholas G. Papastavros*  
(with permission by John T. Battaglia)  

Nicholas G. Papastavros, BBO # 635742  
*nick.papastavros@dlapiper.com*  
Maya P. Choksi, BBO # 679861  
*maya.choksi@dlapiper.com*  
DLA PIPER LLP (US)  
33 Arch Street, 26th Floor  
Boston, MA 02110-1447  
Telephone: 617.406.6000  
Facsimile:  617.406.6119  

Mark D. Fowler  
Summer Krause  
DLA PIPER LLP (US)  
2000 University Avenue  
East Palo Alto, CA  94303-2215  
Telephone:     650.833.2000  
Facsimile:      650.833.2001  
mark.fowler@dlapiper.com  
summer.krause@dlapiper.com  

Robert Williams  
Tiffany Miller  
DLA PIPER LLP (US)  
401 B Street  
Suite 1700  
San Diego, CA 92101-4297  
Phone: (619) 699-2700  
Fax: (619) 699-2701  
robert.williams@dlapiper.com  
tiffany.miller@dlapiper.com  

*Attorneys for Apple Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 5th day of May, 2014, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

>*/s/ John T. Battaglia*
>John T. Battaglia
>*john.battaglia@fischllp.com*
>FISCH HOFFMAN SIGLER LLP
>5335 Wisconsin Avenue
>Eighth Floor
>Washington, DC 20015
>(202) 362-3500
>
>*Attorney for Plaintiff Voice Domain Technologies, LLC*