**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | |
|---|---|
| VOICE DOMAIN TECHNOLOGIES, LLC,<br><br>*Plaintiff*,<br>v.<br><br>APPLE INC.,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§   Civil Action No. 13-cv-40138<br>§<br>§<br>§<br>§<br>§<br>§ |

**VOICE DOMAIN'S RESPONSE TO APPLE'S REQUEST
FOR LEAVE TO FILE A SUR-REPLY ON VOICE DOMAIN'S
MOTION REGARDING PROTECTIVE ORDER**

Plaintiff Voice Domain Technologies, LLC respectfully requests that the Court deny Defendant Apple Inc.'s request for leave to file a sur-reply. That sur-reply is in derogation of the briefing schedule agreed on by the parties and approved by the Court during their late-June 2014 conference; in derogation of the usual briefing schedule approved by Judge Hillman (as reflected in his sample scheduling order, including the one sent in this case); has the effect of potentially delaying the upcoming (and carefully negotiated, agreed-on, and ordered) deadlines for Apple's infringement contentions and other upcoming due dates; and continues on the merits to mischaracterize or misunderstand Voice Domain's positions on the protective-order issues.

**ARGUMENT**

Apple's un-authorized filing—submitted 11 days after the briefing schedule closed—is part of a maneuver to get the last word in this important motion, one that (if Apple prevails) would allow Apple to unfairly hamstring Voice Domain in the litigation and prejudice its rightful ability to prosecute its case, analyze the Apple materials produced, and make informed client decisions. The Court should reject this sur-reply request and the larger prejudice it would implement.

*First*, and contrary to Apple's originally (and *only*) stated justification to Voice Domain for filing this sur-reply,[1] the Apple sur-reply filing is indeed in violation of the Court's briefing schedule—a schedule it set because it wanted all briefing timely completed within 21 days from

---

[1] After learning Apple intended to file a sur-reply, Voice Domain indicated to Apple that the Court's schedule did not permit a sur-reply and requested the basis of Apple's filing. Ex. 1, P. Scoolidge 7/30/14 email to M. Choksi ("But what is the basis for a sur-reply? As you'll recall, we already set forth with Judge Hillman in our June conference that briefing would be complete upon the filing of Voice Domain's reply, and that we'd have this schedule to help expedite a decision on the disputed PO provisions."). Apple responded by erroneously asserting Voice Domain had filed an unauthorized reply brief and of delaying the schedule by doing so, and that this justified Apple's wish to file a sur-reply. Ex. 2, S. Krause 7/30/14 e-mail to Scoolidge. After Voice Domain explained (per the above) that the Court permitted a reply brief and Apple had agreed to this, and that the mere filing of a reply was thus not a justification, (Ex. 3, Scoolidge 7/31/14 email to S. Krause), Apple responded simply that it was going to file the sur-reply and identify it as "an opposed request" (Ex. 4, Krause 7/31/14 email to Scoolidge). No other justification was offered.

Voice Domain's opening brief so that the parties could keep to the expedited (and carefully negotiated) case-management schedule approved by Judge Hillman.  More specifically, at the June 26, 2014, status conference, the Court set a briefing schedule for this protective-order motion to ensure it would be ripe for disposition within 21 days from the filing of Voice Domain's opening brief.[2]  During that conference, Voice Domain requested a briefing schedule whereby it would file an opening brief, Apple would file an opposition 14 days thereafter, and Voice Domain could file a reply seven days after that.[3]  Apple agreed to the schedule and did not request a sur-reply.[4]

Further, the parties agreed last spring to a streamlined case management plan, the Order for which requires Apple to produce non-infringement contentions and accompanying documents on August 11, 2014.[5]  With this protective-order dispute brewing, Apple has now indicated (per the case-management order) that it will not provide sensitive documents on that August 11 deadline absent entry of a protective order (not even to Voice Domain counsel).  Unsurprisingly, then, the Court indicated in the June 26 status conference that it too wanted to keep the case on schedule, and accordingly ordered the briefing schedule to proceed in the above-described fashion.[6]  Apple's request for leave is thus not only untimely and in violation of the Court's briefing schedule, but also further risks delay, and should be denied for these reasons alone.

---

[2] Jun. 26, 2014 Status Conf. Tr. (D.I. 48) at 7:20-24 (Court: "Ms. Krause, is there any reason why we shouldn't just still stick with the schedule? That would hopefully make it ripe in about 21 days. Well, maybe a little bit longer than that, but not a lot longer.").

[3] Jun. 26, 2014 Status Conf. Tr. (D.I. 48) at 7:6-24.

[4] Jun. 26, 2014 Status Conf. Tr. (D.I. 48) at 7:25-8:1 ("I agree with following that schedule.").

[5] Parties' Local Rule 16.1 Joint Statement (D.I. 31) at ¶ II(A)(4).

[6] Jun. 26, 2014 Status Conf. Tr. (D.I. 48) at 7:20-24.

*Second*, and relatedly, Apple's proposed sur-reply is at odds with this Court's usual schedule for briefing.  That is to say, this Court presumably permits the filing of an opening brief, an opposition, and a reply brief, a judgment perhaps best reflected in the sample scheduling order the Court sent to the parties in this case (and presumably to other litigants at the outset of a litigation).[7]  That schedule makes sense.  After all, that is the usual briefing permitted in federal district and appellate courts (and the U.S. Supreme Court).[8]  Further, it reflects the sensible judgment that in most instances parties can and should articulate all the bases and responses in that amount of briefing, while still permitting the Court to timely resolve the dispute.  Apple's motion ignores all this and offers merely a catch-all justification that a sur-reply will assist the Court, all without mentioning how or even without mentioning the only reason it gave to Voice Domain (*viz.*, that Voice Domain filed a reply brief).  And it ignores the pertinent need for a timely disposition, contrary to the Court's indications at the June 26 conference.

*Third*, and last, Apple's proposed sur-reply brief simply re-hashes its opposition brief and adds nothing to the Court's analysis of this motion.[9]  It continues to misapprehend Voice Domain's positions on the disputed "AEO" provision and offers *no constraint* whatsoever on Apple's proposed power to designate anything "sensitive" and thus as "AEO"—and to thereby preclude Voice Domain's only member from having meaningful review of pertinent information (including for example the documents Apple is supposed to produce on August 11 allegedly

---

[7] *See, e.g.*, D.I. 30 at 3-4.

[8] *E.g.*, Fed. R. App. P. 28 (a), (b), (c) (after filing of opening brief, opposition brief, and reply brief, "[u]nless the court permits, no further briefs may be filed").

[9] *Compare, e.g.,* Apple's Opposition Brief (D.I. 45) at 11 ("there is also a high risk of inadvertent misuse") *with* Apple's Proposed Sur-Reply (D.I. 51-1) at 2 ("This argument is also wrong as it fails to recognize the risk of **unintentional or inadvertent** disclosure or misuse.") (emphasis in original).

supporting its non-infringement contentions).[10]  Apple's sur-reply has no answer to the principle and case law admonishing against protective orders that would intrude on a party's ability to communicate with counsel and meaningfully participate in litigation.[11]  And it continues to misstate Voice Domain's position on a prosecution bar, a provision to which *Voice Domain has already agreed* with the understanding that it would be limited (as is typical) to new or pending applications, as opposed to a bar that extends further to PTO post-grant proceedings (such as an *inter partes* review).[12]  Indeed, in that prosecution-bar respect, Apple offers no reason to break ranks with a recent ruling in this District rejecting the very type of "post-grant" prosecution bar that Apple is seeking.[13]  And it continues to ignore the facts that its proposed bar would *inter alia* force Voice Domain's lone member (Mr. Barker) to hire new counsel for such a PTO invalidity attack that Apple may be planning, and would otherwise preclude Mr. Barker himself and counsel from participating in such a post-grant PTO proceeding if he reviews any designated materials in this litigation.[14]  The cases Apple cites have already been cited and explained (including in Apple's opposition).  In short, the proposed sur-reply does not accurately address Voice Domain's positions, much less rebut them.

---

[10] To be sure, Apple's emphasis that the "AEO" provision would also apply to its employees and counsel is itself a change in position; prior to the June 26 conference with the Court, Apple's position was that its designated in-house counsel could see such materials, whereas Voice Domain's Mr. Barker could not.  In any event, that position does not obviate the unfair prejudice to Mr. Barker or avoid the principles and case law warning against such overly restrictive protective orders, as explained in Voice Domain's brief.  *See, e.g.*, D.I. 44 (Voice Domain opening brief) at 16-18.

[11] *See* Addendum to D.I. 51, Apple's Proposed Sur-Reply at 1; D.I. 44 (Voice Domain opening brief) at 16-17 & n.50 (explaining this principle and cases); (D.I. 46 (Voice Domain reply brief) at 4 & n.7 (same).

[12] *See* Addendum to D.I. 51, Apple's Proposed Sur-Reply at 1-2; D.I. 44 (Voice Domain opening brief) at 10 & exhibits 1&2 thereto (setting forth parties' agreement on traditional prosecution bar); D.I. 46 (reply) at 8-11 (same).

[13] D.I. 44 (Voice Domain opening brief) at 14-15 (citing and quoting several cases including D. Mass. decision rejecting prosecution bar that would extend to post-grant proceedings, *EveryScape, Inc. v. Adobe Systems Inc.*, Case No. 1:10-cv-11597, Aug. 12, 2011 Minute Entry (D. Mass.) (M.J. Collings); D.I. 46 (reply) at 8-9 (same).

[14] *See, e.g.,* Apple Opposition Brief, Ex. 1 (D.I. 45-2) at ¶ 6(b) ("Option 2").

## CONCLUSION

For the foregoing reasons, the Court should deny Apple's request for leave to file its proposed sur-reply for this protective-order motion.

Date: August 5, 2014

Respectfully submitted,

*/s/ John T. Battaglia*
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
John T. Battaglia
*john.battaglia@fischllp.com*
FISCH SIGLER LLP
5335 Wisconsin Avenue NW,
Eighth Floor
Washington, DC 20015
(202) 362-3500

Peter J. Scoolidge
*peter.scoolidge@fischllp.com*
Silvia Jordan
*silvia.jordan@fischllp.com*
FISCH SIGLER LLP
432 Park Avenue South,
Fourth Floor
New York, NY 10016
(212) 235-0440

*Attorneys for
Voice Domain Technologies, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2014, this document was filed with the Clerk of the Court for the District of Massachusetts and will be served via CM/ECF to counsel for Apple Inc. at the following addresses:

    Nick.Papastavros@dlapiper.com
    Mark.Fowler@dlapiper.com
    Robert.Williams@dlapiper.com
    Tiffany.Miller@dlapiper.com
    Maya.Choksi@dlapiper.com
    Summer.Krause@dlapiper.com
    DLA PIPER LLP (US)
    33 Arch Street, 26th Floor
    Boston, MA 02110-1447
    Telephone: 617.406.6000
    Facsimile:  617.406.6119

                                                  By: */s/ John T. Battaglia*
                                                     John T. Battaglia