# Exhibit 3

| | |
|---|---|
| **From:** | Peter Scoolidge |
| **Sent:** | Thursday, July 31, 2014 4:48 PM |
| **To:** | Krause, Summer; John Battaglia |
| **Cc:** | Papastavros, Nick; Choksi, Maya |
| **Subject:** | RE: Voice Domain v. Apple (D. Mass.) - Motion for Leave to File Sur-reply |

Hi Summer,

Thank you for your email.

Voice Domain's submission of a reply brief is not a substantive reason to file a sur-reply brief.  Also, as you, Maya and/or Nick undoubtedly remember, Voice Domain asked the Court for a schedule that included a reply brief per the Court's provisions in the Notice of Scheduling Conference (D.I. 30), and the Court agreed (and Apple had no objections).  If Apple wanted to file a sur-reply brief because Voice Domain could file a reply, the June 26 conference would have been the time to seek such leave so that the Court could decide in advance whether the schedule would be adequate to keep the case on track.  Also, docket entry 41 reflects a general "Electronic Clerk's Note[]," not the briefing schedule that Judge Hillman authorized or other detailed comments made during the June 26 call with the Court.  Thus, given the ongoing concerns with the case schedule that we earlier agreed to and that Judge Hillman ordered, there can't be agreement on a sur-reply filing unless we can agree to entry of an interim protective order pending the Court's decision.  As previously set forth, the interim order provides all the protection Apple seeks in a "final" protective order (and only prejudices Voice Domain) pending a ruling, but also would help keep the case schedule on track.  Please let us know.

Regarding the Apple patent we cited, the correct number is U.S. Patent No. 8,082,523.

Best,
Peter

Peter Scoolidge
Fisch Sigler LLP
432 Park Avenue South
Fourth Floor
New York, NY 10016
212.235.0445 (direct)
www.FischLLP.com

---

**From:** Krause, Summer [mailto:Summer.Krause@dlapiper.com]
**Sent:** Wednesday, July 30, 2014 7:11 PM
**To:** Peter Scoolidge; John Battaglia
**Cc:** Papastavros, Nick; Choksi, Maya
**Subject:** RE: Voice Domain v. Apple (D. Mass.) - Motion for Leave to File Sur-reply

Peter,

We do not agree with your assertion that the protective order briefing would be complete with Voice Domain's reply.  On the contrary, neither the Massachusetts Local Rules (L.R. 7.1(b)(3)) nor Judge Hillman's order setting forth the protective order briefing schedule (Dkt. 41) contemplate that Voice Domain would file a reply.  Therefore, it appears

that Voice Domain's filing of a reply without leave of the Court or a 7.1(a)(2) meet and confer was improper. Since Voice Domain filed a reply responding to Apple's protective order brief, Apple should also be given this same opportunity to respond to the arguments set forth in Voice Domain's reply. The briefing schedule would have been complete with the filing of Apple's brief on July 17th had Voice Domain not improperly filed a reply. As such, it is Voice Domain that is prolonging the protective order briefing, not Apple. Apple will not agree to Voice Domain's proposed interim protective order. Please let us know if Voice Domain will assent to or oppose Apple's motion for leave to file a Sur-reply.

In addition, per my email yesterday, please also let us know the correct patent number for the Apple patent identified in Voice Domain's infringement contentions.

Thanks,
Summer

**Summer Krause**
DLA Piper LLP (US)
650.833.2443
summer.krause@dlapiper.com

---

**From:** Peter Scoolidge [mailto:Peter.Scoolidge@fischllp.com]
**Sent:** Wednesday, July 30, 2014 9:59 AM
**To:** Choksi, Maya; John Battaglia
**Cc:** Papastavros, Nick; Krause, Summer
**Subject:** RE: Voice Domain v. Apple (D. Mass.) - Motion for Leave to File Sur-reply

Dear Maya and Summer,

Hope all remains well with you both.

Thanks for your e-mails. We were out of pocket for most of the day yesterday. But what is the basis for a sur-reply? As you'll recall, we already set forth with Judge Hillman in our June conference that briefing would be complete upon the filing of Voice Domain's reply, and that we'd have this schedule to help expedite a decision on the disputed PO provisions. Given the importance of this timing, I think we could still agree to a sur-reply if Apple will drop its objection and agree to having the interim PO entered while the Court adjudicates the underlying disputed provisions for a final PO. Please let us know.

Best,
Peter Scoolidge
Fisch Sigler LLP
432 Park Avenue South
Fourth Floor
New York, NY 10016
212.235.0445 (direct)
www.FischLLP.com

---

**From:** Choksi, Maya [mailto:maya.choksi@dlapiper.com]
**Sent:** Tuesday, July 29, 2014 5:30 PM
**To:** John Battaglia; Peter Scoolidge
**Cc:** Papastavros, Nick; Krause, Summer
**Subject:** Voice Domain v. Apple (D. Mass.) - Motion for Leave to File Sur-reply

John and Peter:

Apple intends to file a motion for leave to file a sur-reply brief in regards to the motion for protective order briefing.  Pursuant to Local Rule 7.1(a)(2), please let us know if Voice Domain has any objection to the proposed motion for leave.

Regards,
Maya

**Maya Choksi**
Associate

**T** +1 617.406.6095
**F** +1 617.406.6100
**E** maya.choksi@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.