**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**(Worcester Division)**

| | |
|---|---|
| VOICE DOMAIN TECHNOLOGIES, LLC, § § Plaintiff, § § v. § § APPLE INC., § § Defendant. § § § | Civil Action No. 13-cv-40138 |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Voice Domain respectfully submits a Federal Circuit opinion that issued after claim-construction argument in this case. On February 2, 2015, the Federal Circuit issued *Papst Licensing GmbH & Co. KG v. FujiFilm Corp. et al.*, --F.3d--, 2015 WL 408127, at *1 (Fed. Cir. Feb. 2, 2015) (attached as Exhibit A). As explained below, *Papst* further confirms that Voice Domain's proposed constructions of the "peripheral" and "processing system" claim terms in Mr. Barker's '883 Patent are correct.

### A. The Federal Circuit in *Papst Licensing* Again Rejected a Claim Construction Requiring "Separate-and-Distinct" Devices.

In *Papst*, the patents covered an "interface device" that can efficiently transfer files from a "data device" to a "host device," such as a computer.[1] Similar to the technology area in this case, the claimed "interface device" in *Papst* also recited having, *inter alia*, a "processor," software for interpreting commands, and two "connecting device[s]"—one for connecting the interface to a

---

[1] 2015 WL 408127 at *1.

host device (e.g., a computer) and another for connecting it to a data device.[2] And like Apple here, the accused infringers in *Papst* urged that the patents' interface device must be "*separate and distinct*" from the other devices recited in the claim (e.g., a "host device" or computer).[3] The district court agreed with the *Papst* defendants on this and four other claim constructions, and granted summary judgment of non-infringement as to each.[4] In the district court's view, the *Papst* invention required a device "separate-and-distinct" from a computer and other claimed "data" devices because the claim text there separately recited such devices, and it further referred to having these devices "*attached*" to each other.[5] And, reasoned the district court, the *Papst* patents' specification, figures, and file history only described such separate-and-distinct structures.[6]

The Federal Circuit reversed and remanded. In so doing, the court repeatedly rejected the trial court's "separate-and-distinct" and "stand-alone" claim constructions, explaining that nothing in the claim text required this.[7] Further, the Federal Circuit rejected the accused infringers' assertions, adopted by the district court, that the patents' description of "preferred embodiments" or examples so limited the claimed invention to a distinct piece of hardware.[8] And the *Papst* court rejected the argument that the file or prosecution history clearly evinced a requirement for a separate-and-distinct "interface device."[9] It reversed the district court for this reason as well.

---

[2] *See, e.g., id* at *2.

[3] *Id*. at *5 (emphasis added).

[4] *Id*. at *3.

[5] *E.g., In re Papst Licensing GMBH & Co. Kg Litig.*, 932 F. Supp. 2d 14, 18, 20-22 (D.D.C. 2013); *In re Papst Licensing GMBH & Co. Kg Litig.*, 670 F. Supp. 2d 16, 32-35 (D.D.C. 2009).

[6] *E.g., Papst Licensing*, 932 F. Supp. 2d at 18, 20-22.

[7] *E.g., Papst*, 2015 WL 408127 at *6. The Federal Circuit did not even need address the "attached" term relied on by the district court, and focused instead on another claim term ("regardless"), concluding that it too imposed *no* separate-and-distinct requirement. *See id*.

[8] *E.g., id*. at *8.

[9] *See id.* at *6-7.

In addition, the Federal Circuit in *Papst* repeatedly noted that the accused infringers' and district court constructions "fundamentally" misunderstood what the patents there had described as "the advance over the prior art."[10] Specifically, the *Papst* patents' intrinsic record showed the patentable advance was "the elimination of the need for special drivers" to transfer data to a computer.[11] "Nothing about that advance" required a separate device, ruled the court.[12]

### B. *Papst* Confirms Again That Apple's Proposed "Separate-and-Distinct" Construction is Legally Erroneous.

The same *Papst* principles apply here. As in *Papst*, nothing in the '883 claim language here recites that the "handheld peripheral" *must* exist "separate-and-distinct" from "a processing system," or, in Apple's words, a "computer."[13] Rather, as Voice Domain has demonstrated, the plain and ordinary meaning of a "peripheral" and the other claim language for the '883 Patent can include an integrated system, *or* a system in which a peripheral can be connected to a separate processor.[14] Moreover, as held in *Papst* and numerous other precedents, Apple's unequivocal reliance on the Patent's description of examples and the "embodiment" illustrated in the Patent's

---

[10] *E.g., id.* at *6.

[11] *Id.*

[12] *E.g., id.*

[13] *E.g.*, Voice Domain *Markman* Br. (D.I. 69) at 10. Notably, Apple has long advocated that "a processing system" is a separate-and-distinct "computer" box, such as the separate desktop computer emphasized in Apple's *Markman* slides, its opening brief, and in its pre-filing letters to Voice Domain. (*E.g.*, Apple *Markman* Slides 12, 19-21, 23, 31; Voice Domain *Markman* Br. (D.I. 69) at 4-5, 9-13 & exhibits 3-5 thereto; Def. *Markman* Br. (D.I. 68) at 2-8). Only after the opening *Markman* briefing, when Voice Domain explained that Federal Circuit precedent and the '883 Patent itself refute this erroneous Apple construction, *see, e.g.*, Voice Domain Br. (D.I. 69) at 9-13, has Apple tried to *sub silentio* back away from its "computer" argument. In particular, for the first time after nearly 21 months of arguing otherwise, Apple suggested that its "computer" for this construction could also be a "CPU" or "a processor" located inside the "computer" box. *E.g.*, Apple Markman Slides 59-60. Regardless, Apple is nonetheless still urging the confusing—and erroneous—construction that "a processing system" is restricted to a "computer," and it has still pointed to a desktop computer (i.e., a computer box) as "a processing system." *E.g.*, Joint Claim-Construction Statement & Chart (D.I. 78-1) at p. 2; Apple *Markman* Slides 31-32, 64. The Court should reject this Apple attempt to have its "computer" construction and avoid it too.

[14] *E.g.*, Voice Domain *Markman* Br. (D.I. 69) at 9-13; Voice Domain Reply Br. (D.I. 76) at 5, 7-8.

3

Fig. 3 is wrong as matter of law.[15] And as in *Papst*, so too is Apple's reliance on file-history discussions that require nothing in the way of a "separate-and-distinct" peripheral and processing system.[16]

Even more, the "advance over the prior art" of Mr. Barker's '883 invention, *see Papst, supra*, was to have various features for executing voice commands and data on a processor (among other things), "all with the same" convenient "handheld device."[17] As in *Papst,* nothing about this advance requires the "handheld peripheral" to be separate, distinct, or stand-alone from a processing system or computer. In fact, given the emphasis on having these features conveniently available in an integrated handheld device, the '883 Patent's intrinsic evidence cuts against Apple's "separate-and-distinct" theory.[18] In sum, the Federal Circuit's *Papst* ruling further compels the plain meaning constructions presented by Voice Domain.[19]

---

[15] *E.g., id.*; *see also* Apple *Markman* slides 11-21, 23, 40, 42-44 (arguing the '883 invention is limited to the separate-and-distinct handheld peripheral and desktop computer illustrated in these slides, even though the '883 Patent describes these as merely "embodiments"); Apple *Markman* Br. (D.I. 68) at 5-6 (same).

[16] *E.g.*, Voice Domain *Markman* Br. (D.I. 69) at 8-10; Voice Domain Reply (D.I. 76) at 8-9.

[17] *E.g.,* D.I. 69, Ex. 1, '883 Patent, col. 3:45-50; *id*., col. 1:42-46 ("This device allows the user to enter data and commands to a computer using a convenient hand held device."); Voice Domain *Markman* Slides 3-4.

[18] *E.g. id.*; Voice Domain Reply Br. (D.I. 76) at 8-9.

[19] Following the Supreme Court's ruling in *Teva Pharm. U.S.A. v. Sandoz, Inc.*, 2015 U.S. Lexis 628, at *22-24, 135 S. Ct. 831 (2015), the Federal Circuit in *Papst* rejected using the extrinsic expert testimony presented at the district court as part of the claim-construction analysis, reasoning that the patents' "intrinsic evidence fully determines the proper constructions" for the five *Papst* terms at issue, 2015 WL 408127 at *3. That same conclusion applies here. Indeed, Apple's proffered expert declaration says nothing about "handheld peripheral," "a processing system," or most of the other ordinary claim terms that Apple has raised for construction. And for the three terms that its paper declaration does address, the proposed opinions are contrary to governing principles of claim construction and contrary to the '883 Patent's intrinsic evidence and the constructions yielded by that evidence. *E.g.*, Voice Domain *Markman* Br. (D.I. 69) at 8; Voice Domain Reply Br. (D.I. 76) at 11-15; Voice Domain *Markman* Slides 45-46, 48-50, 55-56, 58-63. In short, proposed expert testimony must still be disregarded on any one of those bases, is unnecessary here in any event, and remains at the bottom of the claim-construction hierarchy. *See, e.g., id.*

Dated: February 6, 2015

Respectfully submitted,

*/s/ John T. Battaglia*
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
John T. Battaglia
*john.battaglia@fischllp.com*
FISCH SIGLER LLP
5335 Wisconsin Avenue NW,
Eighth Floor
Washington, DC 20015
(202) 362-3500

Peter J. Scoolidge
*peter.scoolidge@fischllp.com*
Silvia Jordan
*silvia.jordan@fischllp.com*
FISCH SIGLER LLP
432 Park Avenue South,
Fourth Floor
New York, NY 10016
(212) 235-0440

Bruce J. Barker (BBO No. 55102)
CHAO HADIDI STARK & BARKER LLP
176 East Main Street
Suite 6
Westborough, MA 01581
(508) 366-3800
bbarker@chsblaw.com

*Attorneys for*
*Voice Domain Technologies, LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 6, 2015, this document was filed with the Clerk of the Court for the District of Massachusetts and will be served via CM/ECF to counsel for Apple Inc. at the following addresses:

  Nick.Papastavros@dlapiper.com
  Mark.Fowler@dlapiper.com
  Robert.Williams@dlapiper.com
  Tiffany.Miller@dlapiper.com
  Maya.Choksi@dlapiper.com
  Summer.Krause@dlapiper.com
  DLA PIPER LLP (US)
  33 Arch Street, 26th Floor
  Boston, MA 02110-1447
  Telephone: 617.406.6000
  Facsimile:  617.406.6119

              By: */s/ John T. Battaglia*
                 John T. Battaglia