UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Worcester Division)

| | |
|---|---|
| VOICE DOMAIN TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Civil Action No. 13-cv-40138 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Apple Inc. respectfully submits this response to Plaintiff Voice Domain's Notice of Supplemental Authority ("Notice"). The Notice both (1) attaches the Federal Circuit's recent decision in *Papst Licensing GmbH & Co. KG v. FujiFilm Corp. et al.*, __ F.3d __, 2015 WL 408127, at *1 (Fed. Cir. Feb. 2, 2015) and (2) includes four pages of argument regarding *Papst* and its purported application to the present case. Voice Domain's additional *Markman* briefing should be disregarded both because Voice Domain neither sought nor obtained authorization from the Court for such briefing, and because the briefing both misstates the *Papst* decision and draws demonstrably incorrect conclusions from that decision.

A.  *Papst* **Does Not Reflect A Change In The Law, Does Not Reflect A General Rule, And Confirms That Each Case Must Be Decided On Its Own Facts**

As Apple established in its *Markman* briefs and at the *Markman* hearing, many Federal Circuit cases have ruled that different claim elements must be construed to be physically separate. Dkt. No. 75 at 4-5 n.2; Apple *Markman* slides 35-36. Voice Domain previously cited

cases that it argued reach a contrary result, but those cases are distinguishable (Dkt. No. 75 at 3-4), and Voice Domain now cites *Papst*, which also is distinguishable, as explained below. However, the most important point to draw from this myriad of cases, including *Papst*, is that the question of whether two claim elements must be construed to be physically separate should be decided on a case-by-case basis based upon the particular evidence of that case. *Papst* does not change the law in this regard and does not state or suggest that there is a general rule that two claim elements should not be construed to be physically separate. Rather, the Court in *Papst* did exactly what the Court here should do – examine all of the relevant evidence in the case (which, in the present case, includes both intrinsic and extrinsic evidence) and issue a construction that is based on the evidence and other applicable law (including the cases previously cited by Apple that require claim constructions to serve the notice function of patents, and the cases that preclude constructions that broaden the claims beyond the invention). Here, as previously established by Apple, the intrinsic and extrinsic evidence overwhelming establishes that the claimed "peripheral" and "processing system" cannot be the same thing and must instead be separate components. Dkt. No. 68 at 2-7; Dkt. No. 2-3; Apple *Markman* slides 37-61.

**B.    Voice Domain Misstates And Draws Incorrect Conclusions From *Papst***

The patent claim addressed in *Papst* recites, among other elements: (i) a host device (such as a computer), (ii) a data transmit/receive device ("data device"), (iii) an interface device between the host device and the data device, (iv) a first connecting device for interfacing the host device with the interface device and (v) a second connecting device for interfacing the data device with the interface device. 2015 WL 408127 at *2. Significantly, nowhere in *Papst* does the Court either state or suggest that the <u>host computer</u> and the <u>data device</u> – which are separately claimed, which communicate with each other, and which do so through the other claimed elements – are somehow not themselves physically separate components. *Id*. This is

2

important because if any relevant parallel can be drawn between the invention at issue in *Papst* and the invention at issue here, it would be to liken the "host device" (computer) of *Papst* with the "processing system" (computer) of the '883 patent, and the "data device" of *Papst* with the "handheld peripheral" of the '883 patent. In both cases, the evidence establishes that the host device/processing system and the data device/handheld peripheral are physically separate elements. Nothing in *Papst* is to the contrary.

Rather than addressing claim elements that are comparable to those in the present case, *Papst* addresses the interrelationship between the claimed "data device" and "interface device." As to those two elements, the Federal Circuit considered not only the district court's initial claim constructions, but also its application of its constructions during summary judgment. 2015 WL408127 at *4-5. In an important aspect of the *Papst* decision that Voice Domain ignores, the Federal Circuit states that the district court ultimately meant its construction to preclude the interface device from being located "permanently inside the housing" of the data device, and that the district court's summary judgment order erred in applying its claim construction to preclude the interface device from being housed with (or attached to) the data device. *Id*. Notably, Apple has repeatedly advised this Court – both in its *Markman* briefs and during the *Markman* hearing – that its proposed construction is not intended to preclude the handheld peripheral and the processing system from being located in the same housing. Dkt. No. 75 at 6; Apple *Markman* slides at 59-61. Rather, as Apple explained during the *Markman* hearing, these two elements may be housed in the same device, or they may be housed in separate devices, but what the claims, specification, file history and extrinsic evidence require is a finding that the two elements are themselves separate elements. Apple *Markman* slides at 31-61; *see also* Dkt. No. 68 at 2-8; Dkt. No 75 at 2-6.

3

As Voice Domain notes, *Papst* discusses aspects of its analysis in the context of the patent's description of the advance of the invention over the prior art. 2015 WL 408127 at *6. However, when Voice Domain describes the alleged advance of its alleged invention over the prior art, it only tells half the story. Notice at 4. Specifically, while it is true that the applicant told the Patent Office that the invention allows a user to conveniently input all commands using a single handheld peripheral (Apple *Markman* slides at 47-49, 51), it also told the Patent Office that one reason this is advantageous is that the handheld peripheral may be placed near the user's mouth while the user is "freely mov[ing] about" notwithstanding the fact that the claimed processing system (the computer) is located elsewhere. *Id*. at 50. This alleged advantage confirms that the applicant well understood that his invention employed physically separate handheld peripheral and processing system elements.

Voice Domain ends its argument by urging the Court to ignore the extrinsic evidence cited by the parties. Notice at 4 n.19. First, Voice Domain plainly errs in stating that in *Pabst*, "the Federal Circuit rejected using the extrinsic expert testimony presented in the district court." *Id*. Rather, the Federal Circuit did not consider extrinsic evidence because "[a]s we have noted, the district court relied only on the intrinsic record, not on any testimony about skilled artisans' understandings of claim terms in the relevant field, and neither party challenges that approach." 2015 WL 408127 at *3. Here, by contrast, Apple has presented substantial, highly relevant extrinsic evidence that supports its proposed constructions, and the Court is free to rely upon that evidence in making underlying findings of fact. Apple *Markman* slides at 55-56; *Teva Pharm. U.S.A. v. Sandoz, Inc.*, 2015 U.S. Lexis 628, at *10-25, 135 S.Ct. 831 (2015).

Dated: February 10, 2015

  *s/ Nicholas G. Papastavros*
Nicholas G. Papastavros
BBO # 635742
Maya P. Choksi
BBO # 679861
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone: 617.406.6000
Facsimile: 617.406.6119
nick.papastavros@dlapiper.com
maya.choksi@dlapiper.com

**OF COUNSEL**:
Mark D. Fowler (*pro hac vice*)
Summer Krause (*pro hac vice*)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2215
Telephone: 650.833.2000
Facsimile: 650.833.2001
mark.fowler@dlapiper.com
summer.krause@dlapiper.com

Robert Williams (*pro hac vice*)
Tiffany Miller (*pro hac vice*)
**DLA PIPER LLP (US)**
401 B Street
Suite 1700
San Diego, CA 92101-4297
Phone: (619) 699-2700
Fax: (619) 699-2701
robert.williams@dlapiper.com
tiffany.miller@dlapiper.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 10, 2015.

*/s/Nicholas G. Papastavros*
Nicholas G. Papastavros
