UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Worcester Division)

| | |
|---|---|
| VOICE DOMAIN TECHNOLOGIES, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> APPLE INC., § <br> § <br> Defendant. § | Civil Action No. 13-cv-40138 |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Apple Inc. respectfully submits this Notice to bring to the Court's attention the Federal Circuit's recent decision in *Williamson v. Citrix Online, LLC, et al.*, ___ F.3d ___, 2015 WL 3687459 (Fed. Cir. Jun. 16, 2015) (attached hereto as Exhibit 1), which issued after claim construction argument in this case. This decision directly pertains to two claim construction issues now before the Court, namely whether the terms "coupling mechanism" and "microphone interpretation mechanism" should be construed as "means plus function" limitations. *See* Apple *Markman* slides at 93-143; Dkt. No. 68 at 8-16; Dkt. No. 75 at 11-14.

In *Williamson*, the Federal Circuit expressly overruled the prior line of cases that characterized as "strong" or "not readily overcome" the presumption that a limitation lacking the word "means" is not a means plus function limitation under § 112, para. 6, and set forth a new standard for determining whether a limitation that lacks the word "means" should be construed as a means plus function limitation. *Williamson*, 2015 WL 33687459 at *6-7; *see also id.* at *5, n. 3. In this regard, the Federal Circuit overruled many of the cases plaintiff Voice Domain

relied upon in its *Markman* arguments, including *Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354 (Fed. Cir. 2004), *Inventio AG v. ThyssenKrupp Elevator Ams. Corp.*, 649 F.3d 1350 (Fed. Cir. 2011), *Flo Healthcare Solutions, LLC v. Kappos*, 697 F.3d 1367 (Fed. Cir. 2012) and *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286 (Fed. Cir. 2014). *Williamson*, 2015 WL 33687459 at *6-7; *see also* Voice Domain *Markman* slides at 48-50 (citing *Apple v. Motorola*), Dkt. No. 69 at 19 (citing *Lighting World, Apple v. Motorola,* and *Inventio*), Dkt. No. 76 at 12-15 (citing *Lighting World*, *Apple v. Motorola,* and *Flo Healthcare*).

Although the entirety of the Federal Circuit's decision relating to the construction of the "distributed learning control module" claim limitation is relevant to the means plus function issues now before the Court (*Williamson*, 2015 WL 33687459 at *5-11), the most highly relevant portion of the decision is reproduced below:

> Our consideration of this case has led us to conclude that such a heightened burden is unjustified and that we should abandon characterizing as "strong" the presumption that a limitation lacking the word "means" is not subject to § 112, para. 6. That characterization is unwarranted, is uncertain in meaning and application, and has the inappropriate practical effect of placing a thumb on what should otherwise be a balanced analytical scale. It has shifted the balance struck by Congress in passing § 112, para. 6 and has resulted in a proliferation of functional claiming untethered to § 112, para. 6 and free of the strictures set forth in the statute. Henceforth, we will apply the presumption as we have done prior to Lighting World, without requiring any heightened evidentiary showing and expressly overrule the characterization of that presumption as "strong." We also overrule the strict requirement of "a showing that the limitation essentially is devoid of anything that can be construed as structure."
>
> The standard is whether the words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure. *Greenberg*, 91 F.3d at 1583. When a claim term lacks the word "means," the presumption can be overcome and § 112, para. 6 will apply if the challenger demonstrates that the claim term fails to "recite sufficiently definite structure" or else recites "function without reciting sufficient structure for performing that function." *Watts*, 232 F.3d at 880. The converse presumption remains unaffected: "use of the word 'means' creates a presumption that § 112, ¶ 6 applies." *Personalized Media*, 161 F.3d at 703.

*Williamson*, 2015 WL 33687459 at *7.

Dated: June 17, 2015            *s/ Nicholas G. Papastavros*
Nicholas G. Papastavros
BBO # 635742
Maya P. Choksi
BBO # 679861
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone: 617.406.6000
Facsimile: 617.406.6119
nick.papastavros@dlapiper.com
maya.choksi@dlapiper.com

**OF COUNSEL**:
Mark D. Fowler (*pro hac vice*)
Summer Krause (*pro hac vice*)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2215
Telephone: 650.833.2000
Facsimile: 650.833.2001
mark.fowler@dlapiper.com
summer.krause@dlapiper.com

Robert Williams (*pro hac vice*)
Tiffany Miller (*pro hac vice*)
**DLA PIPER LLP (US)**
401 B Street
Suite 1700
San Diego, CA 92101-4297
Phone: (619) 699-2700
Fax: (619) 699-2701
robert.williams@dlapiper.com
tiffany.miller@dlapiper.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 17, 2015.

*/s/Nicholas G. Papastavros*
Nicholas G. Papastavros